ANDREW FASH *v.* THE THIRD AVENUE RAILROAD COMPANY.

A railroad company having undertaken to lay down a rail track along a street which is a public road, are bound to lay it down properly, and to keep it in a proper condition thereafter. It is a question for the jury to determine whether they have done so or not.

And where, by the sinking of the pavement, a spike in the rail was left exposed with which plaintiff's carriage coming in contact, the plaintiff was thrown out and injured,—*Held*, that the company was guilty of negligence, and the plaintiff might recover.

It is wholly immaterial whether the projection of the spike resulted from the failure of the city corporation to repair the street in the locality of the accident. The injury to plaintiff resulted from the defendants permitting the spike to project.

*Held*, therefore, that the judge properly refused to charge the jury that if the defect in the track was owing to the condition of the streets, or of the gutters alongside, the plaintiff could not recover.

Fash v. The Third Avenue R. R. Company.

A refusal to charge the jury that if the rest of the avenue was open and fit for plaintiff's wagon, he could not recover for the defective condition in the pavement,—*Held*, proper.

Where the complaint was not given in evidence, and the plaintiff was not asked any questions in relation to its contents,—*Held*, that the judge properly refused to charge the jury that the discrepancy between the plaintiff's sworn complaint, and his evidence and the testimony, might be taken into consideration in considering his credibility.

APPEAL by the defendants from a judgment entered on a verdict of the jury at the Trial Term.

The action was brought to recover damages for injuries to the plaintiff by his being thrown from his carriage, caused by its coming in contact with spikes protruding from the rail or sleeper of the defendants' road in Third avenue. The road was at the time of the injury temporarily located at one side of the street, to enable the city corporation to construct a sewer. The paving blocks next the rails had settled below the rail, so as to leave the spikes exposed.

The defense was, that the settling of the paving blocks was caused by the flooded condition of the street; that owing to the want of any gutter stones it was impossible to keep the blocks chock up to the rail; and that owing to the excavations for the sewer, there were not two feet of the pavement on the curbstone side, where the injury occurred, which they could keep in repair as required to do by city ordinance.

On the trial, the Judge (DALY, F. J.) refused to charge the jury, that if the rest of the avenue was open and fit for the plaintiff's wagon, he could not recover for the defective condition of the blocks.

The Judge also refused to charge the jury, that if the alleged defect in the track was owing to the condition of the street, or of the gutters alongside, the plaintiff could not recover.

The Judge also refused to charge, that the discrepancy between plaintiff's sworn complaint, and his evidence and the testimony, might be taken into consideration in considering his credibility.

*Clarkson N. Potter*, for appellants.

The defendants are not liable to the plaintiff because of the defective condition of the street. The city owns the fee of the

streets; it is charged with the duty of keeping them in repair. The defendants never agreed to perform that duty; at the utmost, only "to become bound" to do it. That contract is between them and the city; the city's rights were never assigned to the plaintiff, and he can have no privity with it. *Hutson* v. *The Mayor*, 5 Selden, 168; *Sailly* v. *Cleveland*, 10 Wend. 156; *Lane* v. *Cotton*, 12 Mod. 488; Dunlap's Paley, 396.

*Wm. C. Carpenter*, and *H. D. Lapaugh*, for respondents.

I. It is immaterial whether by the grant of the Corporation of the City of New York to the defendants to build the railroad in question they were to keep the track in repair and pave alongside of the rails, for by the rule of the common law the defendants are bound so to construct and maintain their road that people passing over and alongside of it can do so without being in danger from any defect in the original construction of the road, or from any neglect in not keeping it in good condition.

II. The defendants having undertaken to lay down a rail along the Third avenue, which is a public highway, they were bound to lay it down properly and in such a manner that people could pass along with safety, and to see that it was afterwards kept in a proper condition; if they did not so construct the same, or if properly constructed, and they afterwards permitted it to remain out of repair, and injury was caused thereby, they are liable for the consequences. *Cook* v. *N. Y. Floating Dry Dock Co.*, 1 Hilton, 436.

BY THE COURT.—BRADY, J.—The cause of the injuries sustained by the plaintiff in this action was the projection of iron spikes from component parts of the bed or support of the rails laid down by the defendants. It was wholly immaterial whether the projection was caused by the failure of the Corporation of the City of New York to repair the street in the locality of the accident. In the language of the Judge who presided at the trial, the defendants "having undertaken to lay down a rail track along the avenue, which was a public road, they were bound to lay it down properly, and to see that it was kept in a proper condition thereafter; and it was for the jury to determine whether they had done so or not."

It is very clear on the evidence, that if the defendants had not permitted the spikes to project as stated, the accident would not have occurred. It was, therefore, the result of their negligence. For these reasons the second request of the defendants to charge was properly denied.

The first request was properly refused, because the plaintiff had a right to travel on that part of the avenue which he selected, and was not there, therefore, unnecessarily or unlawfully.

The third request was also properly denied. The complaint does not appear to have been given in evidence, and the plaintiff was not asked any questions in relation to its contents. The defendants had no right to ask a direction on the assumption of proof which was not given in the case.

The judgment should be affirmed.