JOSEPH WORSTER *v.* THE FORTY-SECOND STREET AND GRAND STREET FERRY R. R. CO.

A railroad company having undertaken to lay a track along a public road, are bound to lay it properly, and keep it in a safe condition, and it is a question for the jury to determine whether they have done so or not (following *Fash* v. *Third Ave. R. R. Co.*, 1 Daly, 148.)

Hence, in an action against the defendants for injuries to a horse, caused by reason of its stepping into a hole between the rails of the defendants' track, laid in a public highway, *held*, error to take the case from the jury on the ground of defendant's want of notice of the defect.

APPEAL from a judgment dismissing the complaint in the Marine Court.

The action was brought to recover for the value of a horse injured under the following circumstances :

As the plaintiff, a physician, was driving along Houston street, near Ridge street, one of his horses caught his hind foot in a hole in the pavement between the rails of the defendants' railroad ; the horse was unable to extract his foot from the hole, and the carriage moving forward upon him, the horse made a spring, which resulted in tearing off the upper part of the hoof, and in injuring his back so that he died.

Upon the conclusion of the testimony, the justice directed a nonsuit, " upon the ground that there was no evidence showing that the defendants were aware of the bad condition of the track, nor any evidence showing that the same was in such bad condition for such a period of time as would imply that the defendants must of necessity have been aware of the fact."

From this judgment the plaintiff appealed to this court.

*Reynolds & Yenni* and *J. H. Anthon*, for appellant.

I.—The railroad company having undertaken to lay down a rail track along a public road, were bound to lay it properly,

and keep it in safe condition thereafter ; and it was for the jury to determine whether they had done so or not (*Fash* v. *Third Av. Railroad Co.*, 1 Daly, 148; *Mazetti* v. *Harlem Railroad*, 3 E. D. Smith, 98 ; *Johnson* v. *Hudson R. R. R. Co.*, 20 N. Y. 65 ; Act 1850, ch. 140, § 28). The general rule that a railroad company is bound to lay and keep its road-bed and track in such condition as to make it safe for those having the right of passage on, over, or across it, is fully and clearly settled, and without reference in any case to any idea of notice to the company (Shearman & Redfield on Negligence, 497 ; *Gt. West. Railroad* v. *Fawcett*, 1 Moore P. C. [N. S.] 101 ; *Grote* v. *Chester Railroad*, 2 Exch. 251 ; *Virginia Railroad* v. *Sanger*, 15 Gratt. 230 ; *Cumberland Railroad* v. *Hughes*, 11 Penn. 141 ; *Cook* v. *N. Y. Floating Dock Co.*, 1 Hilt. 436).

II.—" It was wholly immaterial whether the projection was caused by the failure of the corporation of the city of New York to repair the street in the locality of the accident," *per* Brady, J., in *Fash* v. *Third Av. Railroad* (1 Daly, 148) ; see also *Gillett* v. *West. Railroad* (8 Allen, 560), *Snow* v. *Housatonic Railroad* (*Id.* 441). Negligence in this regard is shown by evidence of the condition of the road at the time of the accident (*Milwaukie* v. *Hunter*, 11 Wisc. 160).

III.—Where there is evidence tending to show negligence, the question must be left to the jury. It can be taken from them only by the absolute defect of evidence of negligence in the defendant, or uncontradicted evidence of contributory negligence (*Brown* v. *Mohawk Railroad*, How. App. Ca. 52 ; *Poler* v. *N. Y. Central R. R. Co.* 16 N. Y. 476 ; *Beers* v. *Housatonic*, 19 Conn. 566).

*Moses Ely*, for respondent.

I.—There is no law imposing on railroad companies the obligation to keep the pavement between their tracks in repair, or, in fact, the tracks themselves; and such obligation, if it exist at all, does so by reason of a contract or provision in the charter from which the road derives its franchise imposing the obligation. The rails are laid in the public streets, and are

open to and used by the public as freely and as much as by the railroad company itself (*Mazetti* v. *N. Y. & Harlem R. R. Co.*, 3 E. D. Smith, 98).

II.—There was no evidence on the trial showing any contract or provision in their charter imposing such obligation on the defendants, and no such contract or provision exists.

III.—There was no proof on the trial of notice to defendants, before the accident, that the street was out of repair; and no proof that the street had been so out of repair for such a length of time as to justify the presumption that defendants knew of its condition, and could have repaired it in the meantime. Admitting that defendants are bound to keep the streets in repair between their tracks, their liability for injuries occasioned by its being out of repair attaches only in case of negligence, and in this case no carelessness or negligence is attributable to them (*McGinty* v. *Mayor &c. of N. Y.*, 5 Duer, 674 ; *Hart* v. *Brooklyn*, 36 Barb. 226).

By the Court.*—Larremore, J.—A nonsuit was granted in this case upon the ground that there was no evidence showing that the defendants were aware of the bad condition of the track, nor any evidence showing that the same was in such bad condition, for such a period of time as would imply that the defendants must, of necessity, have been aware of the fact.

The plaintiff swore that "the horse caught her hind-off foot in the railroad track," that is, the right track inside the first rail. The foot went down into a hole about six inches deep, just deep enough and narrow enough to catch the horse's foot under the iron of the rail. The iron projecting about one-quarter of an inch over the wood-rail, it dovetailed, as it were, the foot of the horse completely.

He says, "the stone that supported the sleepers was gone;" and he says, "the iron rail caught this part of the hoof, and tore the hair and hoof all out for four square inches."

This testimony is corroborated by the witness Abbott, who also swore that he had seen the cobble stones were gone, some

* Present—Daly, Ch. J., Loew and Larremore, JJ.

time before the accident, and that defendants' cars ran over this track.

It was also admitted on the trial that no other cars than those belonging to the defendants ran on that track.

It was held by the general term of this court, in *Fash* v. *Third Avenue R. R. Co.* (1 Daly, 148), that a railroad company having undertaken to lay down a rail track along a street, which is a public road, are bound to lay it down properly, and keep it in a proper condition thereafter, and that it was a question for the jury to determine, whether they have done so or not. The injury to plaintiff's horse occurred *between* the tracks, and was occasioned by his foot being caught in a hole under the iron of the rail, the iron projecting about one-quarter of an inch over the wood rail.

It being conceded that the defendants' cars were the only ones that used this track, it is fair to presume, under the authority of the case above cited, that there was some obligation on their part to see that the track was kept in a safe condition.

The injury complained of evidently resulted from negligence, and it should have been left to the jury to determine by whose negligence the plaintiff sustained damage.

The judgment appealed from should be reversed.

Judgment reversed.