JOSEPH WORSTER, Respondent, v. THE FORTY-SECOND STREET AND GRAND STREET FERRY RAILROAD COMPANY, Appellant.

The right of a railroad company to lay its tracks in a street or public highway carries with it the obligation to lay them in a proper manner and to keep them in repair; and if an injury occurs, by reason of a neglect in either of these respects, it is liable.

No notice to it of a patent defect is necessary; but when it appears that the defect existed and an injury was caused thereby, the presumption of negligence is complete. If circumstances exist showing absence of negligence, as that the defect had not existed for a sufficient length of time to create a presumption of knowledge, or to enable it to repair, it is for the company to prove.

(Argued June 11, 1872; decided November 12, 1872.)

APPEAL from judgment of the Court of Common Pleas for the city and county of New York, reversing a judgment of the General Term of the Marine Court of the city of New York which affirmed a judgment of the Special Term entered upon an order dismissing plaintiff's complaint.

The action was brought to recover damages for injuries sustained by a horse of plaintiff's, occasioned by an alleged defect in defendant's track.

Defendant owns and operates a railroad running through and over Houston street in the city of New York. On the 12th of April, 1864, plaintiff was driving a pair of horses belonging to him over the track, one horse stepped into a hole, was thrown down and injured, and in consequence died.

The court dismissed the complaint upon the ground that there was no evidence showing defendant was aware of the bad condition of its track, or that the same was in such condition for a length of time that would imply knowledge.

*Moses Ely* for the appellant. Mere proof of the existence of the defect was not sufficient to raise a presumption of negligence ; notice or an existence of the defect for a sufficient time to imply it should have been proved. (Shearman and Redfield on Negligence, § 407 ; *Requa* v. *The City of Rochester*, 45 N. Y., 129 ; *Hudson* v. *The Mayor, etc., of New York*, 9 id., 163 ; *Griffin* v. *The Mayor, etc., of New York*, 9 id., 456 ; *McGinity* v. *The Mayor, etc., of New York*, 5 Duer., 674 ; *Hart* v. *City of Brooklyn*, 36 Barb., 226.)

*J. H. Anthon* for the respondent. A railroad company having laid its track along a street is bound to lay it down properly and to keep it in a proper condition thereafter. (*Fash* v. *The Third Ave. R. R. Co.*, 1 Daly, 148 ; *Cook* v. *N. Y. Floating Dry Dock Co.*, 1 Hilt., 436 ; Shearman and Redfield on Negligence, 497 ; *Mazetti* v. *Harlem R. R. Co.*, 3 E. D. Smith, 98 ; *G. West. R. R. Co.* v. *Brand and Fawcett*, 1 Moore P. C. [N. S.], 101 ; Act of 1850, chap. 140, § 28 ; *Virginia Central R. R. Co.* v. *Sanger*, 15 Grattan [Va.], 230 ; *Cumberland Valley R. R. Co.* v. *Hughes*, 11 Penn., 141.) No notice was necessary. (*Grote* v. *Chester R. R. Co.*, 2 Exch., 251 ; *Barton* v. *The City of Syracuse*, 36 N. Y., 54, 57, 58 ; *Hutson* v. *The Mayor, etc., of New York*, 9 id., 163 ; *Griffin* v. *The Mayor, etc., of New York*, 9 id., 456.) Contributory negligence of the city corporation, when negligence of the railroad company is distinctly proved, is no defence. (*Fash* v. *Third Ave. R. R. Co.*, above cited ; *Gillett* v. *The Western R. R. Co.*, 8 Allen [Mass.], 560 ; *Carpenter* v. *C. P. N. and E. R. R. R. Co.*, 11 Abb. P. R. [N. S.], 416.) Negligence is presumptively shown by evidence of the condition of the road at the time of the accident. (*Gt. West. R. R. Co.* v. *Fawcett*, above cited ; *Milwaukee and Chicago R. R. Co.* v. *Hunter*, 11 Wis., 160.)

Church, Ch. J.  We are to assume that the defendants had a lawful right to lay their tracks in the street, where the injury occurred, but this right carries with it the obligation to lay the tracks in a proper manner and keep them in repair, and if an injury occurs by reason of neglect in either of these respects the defendants are liable in damages. (*Fash* v. *Third Ave. R. R. Co.*, 1 Daly, 148; 11 Penn., 141.)  The defect was immediately connected with the track, and was plainly visible to the employes of the defendants, who were constantly operating the road.  The duty of remedying the defect was affirmative and absolute.  Notice to the defendants of the defect was not necessary. (35 N. Y., 58.)  It was their duty to know it.  It was patent, and an omission to know that such a defect existed was *prima facie* negligence as much as an omission to repair after notice.  The facts tended to prove that the defect had existed for some days.  The learned judge who presided nonsuited the plaintiff because the defendants had no notice of the defects, and because they had not existed for such a length of time as to create the presumption of knowledge.  The ruling was erroneous.  The presumption of knowledge arises from the existence of the defects themselves.  The plaintiff was only required to show that the injury resulted from the road being out of repair, and if circumstances existed showing absence of negligence it was for the defendant to prove them.  The presumption of negligence was complete when it appeared that defects existed and an injury was caused thereby.  In some cases notice to municipal corporations, express or implied, of defects or obstructions in the streets, is requisite to create a liability for damages for an injury produced by reason of them, but the authority of these cases has no application here. (*Hutson* v. *Mayor, etc.*, 9 N. Y., 163; *Griffin* v. *Mayor*, id., 456.)

The judgment of reversal must be affirmed.

All concur.

Judgment affirmed.