## France v. Erie Railway Company.

*Highways — State may construct across Indian reservation — Railroad crossings — Negligence — evidence of.*

Plaintiff's horse was injured in consequence of a defect in a railway where it was crossed by a highway. The crossing was within the limits of an Indian reservation. *Held,* (1) (following *O'Meara* v. *Commissioners of Allegany,* 3 N. Y. Sup. 236), that the State had power to construct a highway across an Indian res-ervation ; (2) that the railway company was bound to keep the crossings of such highway in repair and was liable for an injury caused by neglect to do so, and (3) that a presumption of negligence arose from the defect and the fact that an injury was caused thereby.

APPEAL by defendant from a judgment, in favor of plaintiff, of the Cattaraugus county court entered upon the verdict of a jury, and from an order denying a new trial. The action was brought in a justice's court by Alonzo France to recover damages for an in-

jury sustained by the plaintiff's horse at a highway crossing over defendant's railway. The injury was in consequence of a defect in the planking between the rails, causing the horse to stumble. The crossing was upon a highway passing through the Cattaraugus Indian reservation. The justice gave judgment for plaintiff for $85, and an appeal was taken by defendant to the county court, and a new trial had before a jury which resulted in a verdict in favor of plaintiff for $80.

*John Ganson,* for appellant. Defendant was not chargeable with negligence, unless it appeared that it had notice of the defect causing the injury. Laws 1850, chap. 140, § 28, subd. 5; *Bellinger* v. *N. Y. Cent. R. R. Co.,* 23 N. Y. 42; *Radcliff* v. *Mayor of Brooklyn,* 4 id. 195, 200; *Attorney-Gen.* v. *Hud. River R. R. Co.,* 1 Stockt. 526; *Newark Plank R. Co.* v. *Elmer,* id. 760; *Selden* v. *Del. and Hud. Canal Co.,* 29 N. Y. 634, 642; *Mazetti* v. *N. Y. & Harlem R. R. Co.,* 3 E. D. Smith, 98; *Murray* v. *N. Y. Cent. R. Co.,* 4 Keyes, 274, 278.

Defendant owed plaintiff no duty to keep the highway in repair upon the Indian reservation. Shearman & Redf. on Neglig., § 341, note; *New York Indians,* 5 Wall. 761; *People* v. *Dibble,* 16 N. Y. 203; S. C., 21 How. (U. S.) 361; *Dole* v. *Irish,* 2 Bar. 639; *Fellows* v. *Lee,* 5 Den. 628; *Blacksmith* v. *Fellows,* 7 N. Y. 401; *Kansas Indians,* 5 Wall. 737.

*Ansley & Vreeland,* for respondent.

GILBERT, J. This action is for injury to a horse in consequence of defendant's roadway being out of repair. Plaintiff was crossing the track where it intersects a highway in Salamanca, on the Cattaraugus Indian reservation.

The power of the State to construct highways on Indian reservations is virtually affirmed in *O'Meara* v. *Commissioners of Allegany,* 3 N. Y. Sup. 236. The right of a railroad company to lay its tracks across a highway carries with it the obligation to keep them in repair, and if an injury happens by reason of its neglect of that duty it is liable. A presumption of negligence arises from the existence of a defect, and the fact that an injury was caused thereby. *Wooster* v. *Forty-second St., etc., R. R. Co.,* 50 N. Y. 203.

The judgment and order denying a new trial must be affirmed.

　　　　　　　　　　　　　　　*Judgment affirmed.*