## VINCETT v. COOK.

*Negligence — in maintaining unsafe building abutting on street. Evidence — of negligence — objection to mode of proving fact.*

An owner of land which abuts on a public street in a populous city, who suffers a building to remain thereon in an unsafe or dilapidated condition, is not exempted from liability for injury to a person lawfully using the street, occasioned by a part of the building being detached from the rest by a storm and falling because the storm was one of unusual violence.

Failure to perform the duty of keeping a building adjoining a street safe, and resulting damage are *prima facie* evidence of negligence.

Where the objection is to the mode of proving a fact and not to proof of the fact itself it must be put on that ground or it will be unavailing.

APPEAL by defendant from a judgment in favor of plaintiff entered upon the verdict of a jury and from an order denying a motion for a new trial.

Vincett v. Cook.

The action was brought by Martin J. Vincett against Christian Cook to recover for injuries received by plaintiff while passing along a public street in Syracuse by the accidental falling upon him of a wall of a brick building belonging to defendant. The defense was that a violent wind blew the wall over. It was shown that the wind was so severe that it blew over other buildings, also chimneys and the spires of churches, etc. Evidence was given on the part of plaintiff to show that previous to the accident the wall was in a dilapidated and unsafe condition, of which defendant had notice.

*Fuller & Vann,* for appellant, cited as to the liability of defendant, Shearm. & Redf. on Neg., § 498; Wharton on Neg., §§ 26, 415; *Livingstone* v. *Adams,* 8 Cow. 175; *Williams* v. *N. Y. C. R. R. Co.,* 18 Barb. 222; *Clark* v. *Foot,* 8 Johns. 421; *Panton* v. *Holland,* 17 id. 92; *Radcliff* v. *Mayor of Brooklyn,* 4 N. Y. 96; *Crofts* v. *Waterhouse,* 3 Bing. 319; *Price* v. *Hartshorn,* 44 Barb. 655; *Merrit* v. *Earle,* 29 N. Y. 117; *T & M. Nav. Co.* v. *Wood,* 4 Dougl. 278; *Blyth* v. *Birmingham Water Works,* 11 Exch. 781.

*Hiscock, Gifford & Doheny,* for respondent.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

GILBERT, J. We perceive no cause for disturbing this judgment. The liability of the defendant depended solely upon questions of fact. These were determined by the jury upon instructions as to the law, which appear to us to have been quite as favorable to the defendant as the evidence warranted. Upon a well-established principle, therefore, the verdict must be held to be conclusive. Upon the merits also the case is clear. An owner of land which abuts on a public street, in a populous city, who suffers a building to remain thereon in an unsafe or dilapidated condition, is not exempted from liability for an injury to a person lawfully using the street, which injury was occasioned by a part of the building being detached from the rest by a storm and falling upon him, because the storm was one of unusual violence. It was no doubt lawful for the defendant to erect the building in question and to keep it where it stood. A man has an absolute right to use his own property as he pleases for all the purposes to which that kind of property is usually applied, and this right cannot be interfered with so long as

it is not a nuisance. A building adjoining a highway, which is in such a condition as to endanger the safety of persons passing along it, is a nuisance. The law casts upon the owners of buildings so situated the duty of preventing their being or becoming dangerous to persons lawfully passing along the highway. Failure in such duty and resulting damage furnish *prima facie* evidence of negligence, by the maxim *"res ipsa loquitur."* The burden was thus cast upon the defendant, of proving that the building at the time of the accident was safe, so far as diligent examination would show. On this point there is no room for argument against the verdict of the jury. *Kearney* v. *L. B. & L. Railway Co.,* L. R., 5 Q. B. 411; *Scott* v. *Lond. Dock Co.,* 3 H. & C. 596; *Fletcher* v. *Ryland,* L. R., 1 Exch. 265; S. C., 3 H. of L. Cas. 339; *Wooster* v. *Forty-second Street R. R. Co.,* 50 N. Y. 203; *Dygert* v. *Schenck,* 23 Wend. 447; Whart. on Neg., §§ 839 to 844. There is not the slightest proof of any contributory negligence on the part of the plaintiff that we can discover, and no testimony tending to prove it has been pointed out.

We are inclined to think the question put to the witness Soule, viz.: "What was the condition of that wall, was it safe or otherwise," was not improper. It did not necessarily call for the opinion of the witness, but for the result of his actual observation. Matters of common observation may ordinarily be proved by those who witness them. It certainly did not require an expert to tell whether a building in the condition this was, was safe. But the exception is unavailing; because no ground of objection to the testimony was stated. When the objection is to the mode of proving a fact, and not to the proof of the fact itself, it must be distinctly placed upon that ground, so that the opposite party may obviate the objection by proving the fact in a legal manner.

With respect to the other objections, it is only necessary to say that we have examined all of them, and find in them nothing worthy of remark.

The judgment must be affirmed.

*Judgment affirmed.*