NEW YORK PRACTICE REPORTS. 49

Conroy agt. Twenty-third Street R. R. Co.

## N. Y. COMMON PLEAS.

WILLIAM CONROY agt. THE TWENTY-THIRD STREET R. R. Co.

*Negligence— contributory negligence— railroads.*

A railroad company is bound to keep its track in good order and repair, and if it carelessly or negligently fails or omits to do so, and an injury occurs in consequence thereof, it will be liable in damages.

It is equally incumbent upon them to keep those parts of its road proximately connected with its track in good order and repair, and they are negligent if they omit to have such repairs made, not only to their track, but to contiguous portions of their road, as will keep it in good condition, and make it safe for those who have a right to drive across it.

To entitle a party to recover in an action for negligence, it must appear that there was no negligence on his part which contributed to the injury.

Contributory negligence is a question for a jury to decide, and where the court, as in this case, instructs the jury that, if the driver of the horse, by the want of proper observation, attention or circumspection, under the circumstances contributed in any sensible degree to the accident, the defendant would not be liable; the instruction is a correct and proper one.

*General Term, November,* 1875.

*Before* DALY, *Ch. J.,* LOEW *and* J. F. DALY, *JJ.*

APPEAL from a judgment of the general term of the marine court of the city of New York affirming a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*Flanagan & Bright,* for defendant.

*Robertson & McCarthy and James Clark,* for plaintiff.

LOEW, *J.* — This action was brought by the plaintiff to recover damages for an injury sustained by his horse by reason of the alleged carelessness and negligence of the defendant. The testimony shows that, on the 13th day of October, 1873, while an employe of the plaintiff was in the act of driving the plaintiff's team across the railroad track, in Twenty-third street, near the Thirteenth avenue, the fore foot of one of the horses sunk into a hole in the street. This hole was close to the inner edge of the north rail of the track. It was about six or seven inches in width and depth, and about four feet in length. The horse's hoof was caught under the rail, and one-half of it was torn off in the animal's efforts to extricate it.

It seems that the portion of the track where the accident occurred was originally laid by the Bleecker Street Railroad Company. But the evidence shows that, in December, 1872, the defendant commenced using it, as well under a right derived from its charter as by an express license from the Bleecker street company; that from that time to the date of the accident the portion of the track in question was used exclusively by the defendant, and furthermore, that the Bleecker street company had not used the same for a year or two before the defendant began to use it. Under these circumstances we think that, as to third parties, it was incumbent on the defendant to maintain and keep the part of its track referred to in as good repair and condition as the other portions which it had originally laid. A railroad company is bound to keep its tracks in good order and repair, and if it carelessly or negligently fails or omits to do so, and an injury occurs in consequence thereof, it will be liable in damages ( *Worcester* agt. *The Forty-second St. R. R. Co.*, 3 *Daly*, 278 ; *S. C.*, 50 *N. Y.*, 203). The defect by reason of which the plaintiff's horse was injured was proximately connected with the track. It could readily be seen by the employes of the defendant who were stationed at that particular place, and one of them admitted, on cross-examination, that he had

seen it and that it had existed for three or four weeks before the accident occurred. The defendant was, therefore, clearly negligent in omitting to have such repairs made to its track as would have put it in a good condition and made it safe for those who had a right to drive across it.

The negligence of the defendant being thus established there was, in this case, but a single question to submit to the jury, and that was, whether or not the plaintiff's employe was guilty of contributory negligence. On this point the evidence was conflicting. The plaintiff's driver testified that, at the time in question, he could not see the hole from the wagon, because it was filled with water. He was corroborated in this respect by another witness, who testified on the part of the plaintiff. On the other hand, there was some testimony given on the part of the defendant which tended to show that there was no water in the hole at that time; that the place was dangerous, and that if the plaintiff's employe had driven his horses a little further to the eastward he might have crossed in perfect safety. However this may be, the question of contributory negligence was fairly left to the jury. They were instructed, by the court, that if the driver, by the want of proper observation, attention or circumspection, under the circumstances, contributed, in any sensible degree to the accident, the defendant would not be liable. This instruction was correct, and the jury, by their general verdict in favor of the plaintiff, and also by their special finding to a question submitted to them by the court, that the dangerous character of the hole was not apparent to an ordinary observer, determined that the plaintiff's driver was not chargeable with contributory negligence.

It is claimed, however, that the learned chief justice of the marine court erred in his charge to the jury relative to the damages they were at liberty to award to the plaintiff. He told the jury, among other things: "It is not the value of the horse you have to consider, it is the injury done to the plaintiff in his business." And, again: "In compensating the

Conroy agt. Twenty-third Street R. R. Co.

plaintiff for the losses he sustained by the injury to his horse, it will be for you to say whether that injury was to the extent of the value of the horse. It might have been less, it might have been a great deal more." This instruction was manifestly erroneous and was admitted to be so by the respondent's counsel on the argument, because, even conceding that such damages might be recovered in such a case, the plaintiff did not claim, nor is there a particle of evidence to show, that he sustained any such damages.

But although the court below erred in the portion of the charge referred to, yet we think that the error in this regard presents no substantial ground for a reversal of the judgment for the reason that the learned judge subsequently also instructed the jury that in this case the claim was limited to the value of the horse. Now the uncontradicted testimony, given on the part of the plaintiff, shows that the horse was worth $300 before he was injured, and that in consequence of the injury he became worthless. The witness Terring who has charge of the defendant's stables and horses, and who testified on the part of the defendant, did not and could not contradict the plaintiff's witnesses on this point. He had never seen the plaintiff's horse, and his testimony only tended to show that such an injury as the horse had received would not necessarily be a permanent one. But this was admitted by the veterinary surgeon who had the horse in charge after the accident. He testified, on the part of the plaintiff, that the horse might possibly become serviceable again after six or twelve months, after the hoof had time to grow on. Nevertheless, both before and after giving this testimony he also testified that after the accident the horse was worth nothing and ought to have been killed.

The fact that this same witness sold the horse for thirty-eight dollars, which sum he retained for the care and keep of the horse for forty-three days after the accident, has no material bearing on the question of value. If a person choose to pay the sum mentioned for a worthless animal and take the

chances of its ultimately becoming serviceable again after six or twelve months of unremitting care, attention and expense, that was a matter which could not affect the rights of the respective parties to this action.

The undisputed testimony given on the part of the plaintiff, that previous to the injury the horse was worth $300 and that afterwards he was worth absolutely nothing, still remained. On that the court would have been authorized to direct the jury to find a verdict in favor of the plaintiff for $300, in case they came to the conclusion that the concurring negligence of his employe did not contribute to the injury. The question of contributory negligence once settled in the plaintiff's favor, it was immaterial that the judge erred in his charge to the jury in reference to the measure of damages, provided only that he reached a correct conclusion on the subject. This he did by instructing them that the plaintiff's right of recovery was "limited to the value of the horse." That value, as we have already seen, was proven to be $300, and for that amount the jury found a verdict. As the correct and only possible legal result was attained, the defendant was not injured by the errors referred to, and has therefore no right to complain.

For the reasons above given the judgment appealed from should be affirmed, with costs.

DALY, Ch. J., and J. F. DALY, J., concurred.