THOMAS CUDDEBACK, RESPONDENT, v. HUGH J. JEWETT, AS RECEIVER OF THE ERIE RAILWAY COMPANY, APPELLANT.

*Crossing of street by railroad — negligence of company in laying planks between rails — liability of the company to one injured by such negligence.*

The plaintiff's horse, while passing, in charge of his servant, along a street in which the tracks of the defendant's road were laid, caught his hoof in a space between the rail and a plank which the defendant had laid alongside of it to facilitate the crossing of the tracks by teams. The horse wrenched his hoof off, and was thereby rendered valueless. The space between the plank and rail was greater than was necessary for the free operation of defendant's cars.

In an action by the plaintiff to recover the damages thereby occasioned to him, *held,* that he was entitled to recover.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought against the defendant Jewett, as Receiver of the Erie Railway, to recover damages for injuries sustained by the plaintiff's horse, at a crossing of the said railway at Port Jervis.

*Lewis E. Carr*, for the appellant.

*John W. Lyon*, for the respondent.

BARNARD, P. J. :

I have the same hesitation in regard to this case which the trial judge seems to have had at the trial. The action was for injuries to plaintiff's horse, occasioned by defendant's negligence. Upon the trial it appeared that plaintiff's horse, while passing along a street across which the Erie Railway Company's tracks were laid, in charge of plaintiff's servant, caught his foot in the space between the rails of the railroad and a plank which the company had placed alongside its rail for ease and convenience in crossing with teams. The result of the accident was to wrench off the horse's hoof, and destroy the value of the horse. No neg-

ligence could be imputed to plaintiff's servant.   He was passing along a public street, and had the right to asume the safety of the crossing.   The only difference between the witnesses was that the plaintiff gave evidence tending to show the space between the plank and the rail was from 3½ to 3¾ inches.   Defendant's evidence, on the contrary, was that it was only three inches.   The accident undisputedly did happen, and the space between the plank and rail was greater than was needed for the free operation of the defendant's cars thereon.   The jury should have found negligence on these facts, it seems to me, as matter of law. (*Worster* v. *Forty-second St. R. R. Co.*, 50 N. Y., 203.)   The road was not restored to its usefulness by the defendant if it was left liable to such an accident ; especially is this so when the cavity between the plank and the rail is greater than needed for the operation of a road crossing on grade.

The judgment should be affirmed, with costs.

Present — BARNARD, P. J., and GILBERT, J. ; PRATT, J., not sitting.

Judgment and order denying new trial affirmed, with costs.