O’Gorman, J.—[Concurring.]
—This action was brought to recover damages from the defendants, or some of them, for injuries inflicted on the plaintiff, on the evening of November 26, 1878, by reason of the insecure and dangerous condition of Third avenue between One-hundred and Qnehundred-and-third streets in this city.
The complaint charges as against The Elevated Railroad Co. that they were engaged then in the construction of their railroad between One-hundred and One-hundred-and-third' streets on Third avenue, and had employed the other defendants Williams and Twiname to. make excavations thereon; that these excavations were made without due precautions ; that the plaintiff while driving a loaded truck on Third avenue between said streets was thrown from his seat and seriously injured by the wheel of his truck slipping into one of such excavations. The gist of this action is the negligence of the Elevated Railroad Co. by the negli *64 gence of tlieir employees Williams and Twiname, in' making the excavation and leaving it unprotected and in an unsafe condition and without lights' to warn passengers of the danger. At the close of plaintiff’s testimony, motions were made to dismiss the complaint on the part of the mayor, etc., of New York, because no notice to them of the unsafe condition of the avenue had been proved; on the part of the Elevated Railroad Co. because (1) no such notice to them had been proved; (2) because it was not shown that they or their agents had made the hole or excavation in question, or caused it to be made ; and on the part of Williams and Twiname, because there had been no evidence produced to hold them. These motions were denied by the court except as to the mayor, etc», of New York, as to whom the complaint was dismissed. At the close of the case, similar motions were made on the part of the Elevated Railroad, and also on the part of Williams and Twiname, which motions were denied. The jury rendered a verdict for the plaintiff against the Elevated R. R. and also against Williams and Twiname, and motions were then made on behalf of the defendant to set aside the verdict as against the weight of evidence, on the ground that the damages ($5,000) were excessive, and on exceptions taken by defendants to the refusal of the judge to charge as requested by them, which motions were also denied. Exceptions were also taken by defendants to the admission of testimony in the course of the trial.
The first subject of inquiry is, whether, on the whole case, there was enough of competent evidence to go to the jury in proof of the negligence of the defendants The Elevated Railroad Co., or their agents Williams and Twiname. The material facts as they appear' in evidence are as follows : When this accident to the plaintiff occurred it was quite dark, and there was no light at or near the hole in Third avenue into which the wheel of his truck slipped. The depth of the hole is variously stated at from two to three inches, or from six to seven inches, or the depth of one of the Belgian pavement blocks. The exact locality of! *65 the hole was about twenty or twenty-five feet south of One-hundred-and-second street, on the east side of the avenue. In the center of the hole stood one of the columns of the Elevated Railway, and this column was then in position in its abutment, and the girder and superstructure, excepting the rails, were built above. The paving stones at the time of the accident had been removed for a space of about fourteen to sixteen inches all round the column. There is evidence that this hole existed two days before the accident. The columns, at the time of the accident, were fixed in their bases, which were large castings of iron made to receive the columns. In these iron castings were sockets into which the columns had been fitted, and this work had all been done so that the columns were then firm and the laying of the girders above them had been begun. These columns were at the time so set on both sides of the avenue from One-hundredth street to One-hundred-and-twenty-ninth street. The defendants Williams and Twiname entered into a written contract with the Elevated Railroad Co., on June 25, 1878, by which they agreed to make the necessary excavations for, and to build foundation piers along Third avenue between One-hundred and One-hundred-and-twenty-ninth streets, and to put in the piers the iron bases for the columns, which were to be furnished by the Elevated Railroad Company, and to provide all necessary guards, railings, lights, and watchmen, that might be necessary for public safety. The setting úp of the iron columns in the sockets, however, and the pinning them and leading them and removing the pavement for the purpose of pinning and leading them and the re-laying of the pavement after that work was done, was not a part of1 the work which Williams and Twiname were bound to do under their contract, but was provided for in another contract made between the Elevated Railroad Company and the .¿Etna Iron Company, which contract also bears date June 25, 1878. This latter company contracted to deliver ready for use the column bases on Third avenue between One-hundred and One-hundred-and-twenty-ninth streets, and to pin the columns according to *66 the specifications, to make excavations and remove the pavements around the columns for the purpose of tightening them, and after that work had been done to re-lay the pavement in a perfect manner true to the street grade as directed by the Inspector of the Board of Public Works, and to repair and make good all imperfect or settled pavement re-laid by him during a period of six months after the completion of the work. There is no direct evidence showing by whom the hole into which the plaintiff’s wheel slipped, was made, or when it was made. There is evidence that Williams and Twiname had finished all their work on the Third avenue between One-hundred and One-hund'red-andthird streets and as far as One-hu>ndred-and-twenty-ninth street before the accident took place, and that their work of re-filling and re-paving was completed to One-liundred- and-third street on the east side of the avenue, on November'9.
The plaintiff in order to sustain his action against Williams and Twiname was bound to prove by a preponderance of evidence that they had been guilty of negligence which caused the injury to the plaintiff. Such evidence is not to be found in this case unless it can be inferred from certain testimony offered on the part of the plaintiff and admitted by the trial judge against the objection of defendants.
The witness Connelly testified to a conversation had on the night of the accident and relating to the hole in question with a night watchman named Smith, whom he, Connelly, had been in the habit of seeing' there every night, and whose duties, as far as the witness knew, were to put red lamps out at the hole and see that no accident occurred. Witness further testified that Smith told him that it was his last night on watch and he did not think it worth his while to put lamps out on the holes. This testimony was hearsay and incompetent, and, although Smith, when called as a witness for defense, contradicted Connelly as to the alleged conversation, yet the admission of this testimony at the stage of the case when it was admitted might have pre *67 judiced the plaintiff’s case with the jury and materially influenced their verdict. A similar question arose in Eccleson v. Columbia Turnpike Road (82 N. Y. 279, 282), and because of the admission of such testimony the judgment was set aside and a new trial ordered. See also Pinney v. Orth (88 N. Y. 447, 453).
The relations between the Elevated Railroad Company and Williams and Twiname were such as would have made the former legally responsible for the negligence of the' latter in regard to this excavation which caused the injury to the plaintiff. Williams and Twiname had been unable to carry out their written contract with the Elevated Railroad Company, and at the time of the accident and for some months previous they had acted under another and more indefinite arrangement with the company, retaining, however, the right and exercising the power to employ and dismiss their own servants as they pleased in the performance of their work. But the nature of. the work itself done for the Elevated Railroad, Company in making these • excavations in the public streets was dangerous, and the company could not escape responsibility for putting the street in a condition dangerous to travel at night by interposing any contract which they had made for doing the very thing which caused the damage (Storrs v. Utica, 17 N. Y. 108; Burmeister v. Elevated R. R. Co., 47 Super. Ct. 267; Worster v. Forty-second street R. R. Co., 50 N. Y. 205).
The jury rendered a verdict against both defendants, the Elevated Railroad Company and Williams and Twiname ; and as we do not think that such a- verdict is sustained by the evidence, the judgment for the plaintiff should be reversed and a new’ trial ordered.