Bocees, J.
The action was for damages because of injuries to the plaintiff, occasioned by defendant’s negligence. The injury occurred in consequence of the fall of the canal feeder bridge at Fort Edward, by reason of which the tiain passing over it, and on which the plaintiff was a passenger, was precipitated to the bed of the feeder, a distance of about thirty feet. On the trial, the defendant admitted its liability to the plaintiff, and contested only the extent of the injury to her and the amount to be recovered therefor. The plaintiff had a verdict in her favor for $13,000. The defendant moved on the judge’s minutes to set aside the verdict and for a new trial upon the exceptions taken during the trial, and on the ground that the damages awarded were excessive, and that the verdict was contrary to law and against the evidence, which motion was denied. Judgment having been entered, the defendant appealed therefrom and. from the denial of the motion for a new trial on the judge’s minutes.
During the summing up of the case to the jury by the plain tiff’s counsel, he referred to the defendant’s answer to the complaint, and began the reading of it, or portions of it, to the jury. ' To this the defendant’s counsel objected on the ground that the answer was not in evidence and was inadmissible and immaterial. The objection was overruled, and the counsel thereupon read the answer, or a portion of it, and commented thereon against the defendant’s objec *813 tian and exception to the ruling of the court permitting this to be done. The exception is, as we think, unavailing as ground of error, if for no other reason than because it is not made to appear that any harm resulted or could have resulted to the defendant from what was permitted by the court. It is not made to appear how much of the answer, or what part or portion of it, was read to the jury, nor what comments were made upon the part or portion read. For, anything appearing to the contrary, the part read and the comments thereon by counsel were wholly immaterial to the matters_ submitted to the jury, which were the extent of the injury received by the plaintiff and the amount that should be allowed therefor.
So it is not shown that any harm resulted to the defendant from the use made by counsel of the answer, and it is the well settled rule that error will not be presumed, but to be availing to the party urging it, it must be made affirmatively to appear that it was, or may have been, harmful to him. We need not, therefore, examine the question whether the counsel of a party may or may not read his adversary’s pleading, and comment on it, as he may feel disposed to do, on his summing up the case to the jury, when the pleading has not been formally put in evidence. On this subject, however, see Rowe v. Comley (2 N. Y. Civ. Pro. Rep., 424); White v. Smith (46 N. Y., 418); Colter v. Calloway (68 Ind., 219); Monticello v. Grant (104 id., 168); also Koelges v. G. L. Ins. Co. (57 N. Y., 638); Fash v. Third Ave. R. R. Co. (1 Daly, 148), cited by appellant’s counsel. The two latter cases are not, however, directly in point.
It is next urged in the appellant’s brief and points that the court erred in allowing physicians to give their opinion as to whether the plaintiff was feigning suffering, and injury not in fact existing. The physicians had testified as to their examination of the plaintiff, and had given the results of such examination. Then first as to Dr. Lambert; he was asked this question: Did you discover any evidence or indication of feigning any symptoms or suffering on her (plaintiff’s) part, or had you any reason to suspect any? A. I did not; and further, to the defendant’s question: You mean by that you saw nothing but what you have described here? A. Yes, sir. Manifestly in this there was no error. It should be noted, if it be desired to be exact and critical, that the question to Dr. Lambert put by plaintiff’s counsel, with the answer to it, went to a fact, that is to what he saw and discovered; hence, the evidence was unobjectionable in any view of it. So to the questions to Dr. Vandenberg, with the answers to them, were admissible; the one going to the matter of fact, the other as to an *814 opinion by an expert. Nor was there any error in permitting Dr. Vandenburgh to state his opinion as to what would be a fair and reasonable compensation for the board, care and attendance upon the plaintiff, while under his observation, following the injury. His competency to speak upon the subject was well established. It was also competent for Dr. Goldsmith, having made an examination of the plaintiff’s case, to give his opinion as an expert as to probable results to the plaintiff because of the injury. This, and this only, was the subject to which his testimony pointed in so far as it was objected to. A further suggestion is made that the damages awarded are excessive in amount. There can be no question as to the fact that the plaintiff was very seriously injured, and the injury is in all probability permanent. Her suffering has been great, and as is reasonably certain, it will continue during her life. Under such circumstances it is difficult to estimate her damages. Her disability, pain and continued suffering resulting from the injury cannot well be measured and met by a pecuniary compensation. Can it be said then in justice and fairness that the recovery of $13,000 is excessive? In order to set aside the verdict on the ground of excessive damages, this sum must strike the mind as being extravagant, exorbitant, and, under the circumstances of the case, outrageous. Such is not this case, as we think. In conclusion we are of the opinion that the judgment and order appealed from must be affirmed, with costs.
Learned, P. J., concurs.
Landón, J.
Whether the counsel should read from the answer in the course of his final address to the judge, was, I think, a matter within the discretion of the court, a discretion with which we should not interfere unless it appears that thereby the defendant was prejudiced.
I concur.