Ingalls, J.
This action was brought by the plaintiff to recover damages for an injury which she claims to have received in consequence of being thrown from a sleigh in which she was riding, wfith her husband, who was driving the horse. The plaintiff insists that the evidence justified the jury in finding that the sleigh was overturned, and that she was thrown to the ground and injured in consequence of the negligence of the defendant, in omitting to keep in a safe condition its track where it crosses the public highway, known as Elm street, in the village of Malone. That such omission of duty on the part of the defendant consisted in its allowing the planking next to the rails where they crossed said street, to be removed, thereby exposing such rails to the height of from four to five inches above the ties, which created a dangerous obstruction to travel upon the highway, and which caused the sleigh in which the plaintiff was riding to be overturned.
While the evidence in regard to the removal of the planks, and the condition of the track at the time of the casualty, was conflicting, yet we are satisfied that the jury were justified in finding as they did upon that question. Witnesses on the part of the plaintiff testified at the trial that the planks had been removed, based upon their observation and inspection, at the time of the accident, and also, before it occurred. To overcome such evidence, the defendant relied upon the testimony of its employees, who respectively spoke, with greater or less certainty, in regard to the subject. We are convinced that a fair question of fact was presented for the consideration of the jury, and *88 that their determination is supported by the facts and circumstances of the case to such an extent that this court should not interfere with their finding. The question of contributory negligence was, we think, properly decided by the jury. It was submitted by the trial court as a question of fact to be determined by the jury, and in such form as to render the plaintiff chargeable with even the negligence of her husband in the management of the horse, if the jury should determine that any such existed and contributed to the injury, which'was certainly most favorable to the case of the defendant. The defendant having located its road upon the public highway, was legally bound not only to construct the same in such manner as to render it reasonably safe for the traveling public, but was also obligated to maintain the same in that condition. Such obligation was voluntarily assumed by the defendant for its benefit, and it should faithfully discharge the duty imposed by law. Worster v. Forty-second Street R. R. Co., 50 N. Y., 203. The doctrine upon this subject is defined in the opinion pronounced, in the case, referred to, by Chief Justice Church, in the clear and concise manner so characteristic of the opinion of the learned judge. We have carefully examined the affidavits upon the motion for a new trial, upon the ground of newly discovered evidence, and we find no reason to differ with the conclusion of .the learned justice who decided the motion;
He tried the cause, and became thereby presumably familiar with all the features thereof, and consequently was enabled with facility to understand, and determine the force and probable effect of the evidence sought to be put into the case of the defendant upon another trial, if it should be granted. We are not able to resist the impression acquired by an examination of the case, that such motion was rather experimental, and lacking in the merit, which should exist to recommend such a motion to the favorable consideration of the court. We are satisfied that no sufficient ground has been established by the defendant which calls for a reversal of the judgment, or for a new trial, upon the ground of newly discovered evidence. The judgment must be affirmed, and new trial denied, with posts.
Learned, P. J., and Landon, J., concur.