## SCHILD v. CENTRAL PARK, N. & E. R. R. Co.

(*Supreme Court, General Term, Second Department.* December 14, 1891.)

STREET RAILROADS—NEGLIGENCE—PROJECTION OF RAILS ABOVE CROSS-WALKS.
 A street-railroad company allowed one of its track rails to project three inches above the surface of the street cross-walk, against which projection plaintiff stumbled, fell, and was injured. *Held* negligence in the company, for which it was liable in damages.

Appeal from circuit court, Kings county.

Action by Frederick H. Schild against the Central Park, North & East River Railroad Company. From a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Vanderpoel, Cuming & Goodwin,* (*Henry Thompson,* of counsel,) for appellant. *Charles J. Patterson,* for respondent.

BARNARD, P. J.    The proof shows that the defendant constructed and maintained its track so that at a cross-walk upon Front street in the city of New York the iron rail was entirely above the cross-walk.    The plaintiff, in March, 1889, at midday, stumbled over in crossing, and was injured. There was also a hole in the sidewalk, inside of the rail, which one of the witnesses states to have been some seven or eight inches deep, and others state it to be from three to five inches below the bottom of the rail.    The rail was some three inches in height above the cross-walk, if there had been no hole in the cross-walk itself.    The question upon the appeal is whether this rail was so maintained as to occasion an obstruction which would charge the railroad company with neglect if an accident was occasioned by it to a prudent person traveling along the cross-walk.    The defendant was under no obligation to keep the cross-walk in repair, and the concurrence of the two defects at the immediate place of the accident was carefully considered on the charge to the jury.    Upon appeal, with the verdict that the accident was occasioned by the rail which was constructed above the sidewalk, the question is reduced to the single one, whether an iron rail three inches above the limit of the sidewalk was proper.    The defendant was bound to lay its rails properly, and to keep them in proper condition.    *Worster* v. *Railroad Co.*, 50 N. Y. 203. Where rails were left projecting $4\frac{1}{2}$ inches above the surface, without planking between them, and an accident was occasioned to one who crossed the track thus maintained, a verdict was upheld.    *Wasmer* v. *Railroad Co.*, 80 N. Y. 212.    Where a switch was put down higher than was reasonable and necessary, or was suffered by the railroad to be an obstruction to the public, the company was held liable.    *Wooley* v. *Railroad Co.*, 83 N. Y. 121.    No point is taken as to the freedom of the plaintiff from neglect on his part which contributed to the injury.    This question was one for the jury, under a long line of decisions made by the court of appeals.    The traveler had the right to assume the safe condition of the cross-walk.    He knew the rail was there, but did not particularly notice it until he fell over it.    He was not guilty of any lack of care which would justify a nonsuit on that ground, and the verdict is right on that point.    Judgment affirmed, with costs.    All concur.