FRED UNSER and JOHN T. STANLEY CO., INC., Respondents, v. BUSHWICK PORK PACKING CO., INC., and HYGRADE FOOD PRODUCTS CORPORATION, Appellants.— Action by creditors of defendant Bushwick Pork Packing Co., Inc., to recover unpaid balances due on a contract and on a note. The complaint also charges defendant Hygrade Food Products Corporation with having received assets of the defendant debtor without having given consideration therefor. Judgment in favor of plaintiffs modified by striking out the award of $3,991.23 and interest to plaintiff Unser against defendant Hygrade Food Products Corporation, and substituting therefor an award in favor of this plaintiff and against this defendant in the sum of $2,465.02, with interest to date; striking out the award of $3,912.19 and interest to plaintiff John T. Stanley Co., Inc., against defendant Hygrade Food Products Corporation, and substituting therefor an award in favor of this plaintiff and against this defendant in the sum of $2,416.90, with interest to date; and as thus modified the judgment is unanimously affirmed, with costs to appellant Hygrade Food Products Corporation against respondents, and with costs to respondents against appellant Bushwick Pork Packing Co., Inc. Inconsistent findings and conclusions reversed. New findings and conclusions will be made. In our opinion the evidence fails to show that defendant Hygrade Food Products Corporation has not fulfilled its obligations under the lease, but, on the contrary, justifies the inference that they were discharged in full. The evidence supports the findings that defendant Hygrade Food Products Corporation received certain automobile trucks from defendant Bushwick Pork Packing Co., Inc., of the value found. This defendant is entitled to credit, however, for $950 heretofore paid for three of the automobiles. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ. Settle order on notice.

ROSALINO VERDACCHI and LEOPOLD VERDACCHI, Appellants, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.— Action by wife and husband to recover, respectively, for personal injuries and loss of services. The wife was injured when, as alleged, her foot was caught in a hole adjacent to defendant's trolley track. Plaintiffs appeal from the judgment dismissing the complaint at the close of their case. Judgment reversed on the law and a new trial granted, costs to abide the event, upon the ground that, the defect being in the street and not in a part of defendant's road equipment, plaintiffs could not prevail unless it were shown that defendant had either actual or constructive notice of the defect, and it was error, therefore, to exclude proof of such notice. Lazansky, P. J., Davis and Adel, JJ., concur; Carswell and Close, JJ., concur upon the ground that liability attached even though defendant did not have either actual or constructive notice of the defect. (*Worster* v. *Forty-second Street, etc., R. R. Co.*, 50 N. Y. 203.)